UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANDYKE JOHNSON,<br><br>                                  Plaintiff,<br><br>           -against-<br><br>STATE OF NEW JERSEY, *et al.*,<br><br>                                  Defendants. | 19-CV-3339 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights by initiating a proceeding in Hudson County, New Jersey, to determine whether his probation should be revoked. He also filed a motion seeking injunctive relief requesting an order from this Court barring the State of New Jersey from proceeding with a hearing. He names the State of New Jersey, Hudson County Probation, and two Hudson County probation officers. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

Under 28 U.S.C. § 1391(b), a civil action may be brought in

a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants have erroneously commenced a revocation of probation proceeding. He claims that he no longer is on probation, referring to documents he claims are attached to his complaint – they are not – that confirm that his term of probation ended. Defendants, all New Jersey residents, mailed Plaintiff a letter to his New York apartment.[1]

Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(2). Plaintiff's claims arose in Hudson County, New Jersey where his probation officers are located and where his probation proceedings will take place. Accordingly, venue lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of New Jersey. Whether (1) Plaintiff should be permitted to proceed further without prepayment of fees or (2) his request for injunctive relief should be granted, are determinations to be made by the transferee court. A summons shall not issue from this Court. This order closes this case, and the Clerk of Court is directed to terminate all motions.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] Plaintiff does not attach the letter to his complaint.

2

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: April 17, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge